UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America,<br><br>        Plaintiff,<br><br>v.<br><br>Dustin Michael Simko,<br><br>        Defendant. | Case. No. 25-cr-460 (KMM/JFD)<br><br>**AMENDED PRETRIAL SCHEDULING AND LITIGATION MANAGEMENT ORDER IN A CRIMINAL CASE** |

This matter is before the Court on defendant Dustin Michael Simko's Motion to Amend Pretrial Scheduling and Litigation Management Order (Dkt. No. 25). The motion is unopposed by the United States. For the reasons set forth in the motion, the motion is GRANTED. The Court now enters the following Amended Pretrial Litigation Management Order.

A grand jury of this District returned an indictment in this case on December 2, 2025 (Dkt. No. 1). The defendant, Mr. Simko, was arraigned before Magistrate Judge David T. Schultz on December 9, 2025 and pleaded not guilty to all counts of the Indictment. Mr. Simko appeared in person and was represented by his counsel, Frederick Goetz. The United States was represented by Assistant U.S. Attorney Benjamin Bejar.

    **I.**    **Due Process Protections Act**

Pursuant to the Due Process Protections Act, the Court advises the United States of

its obligation to disclose to the defendant all exculpatory evidence as required by *Brady v. Maryland,* 373 U.S. 83 (1963), *Giglio v. United States*, 405 U.S. 150, 153-55 (1972), and their progeny, and **ORDERS** the United States to disclose all such evidence. Failure to do so in a timely manner may result in consequences, including, but not limited to, exclusion of evidence, adverse jury instructions, dismissal of charges, contempt proceedings, disciplinary action, or sanctions by the Court.

 II.     **Scheduling and Discovery Requirements**

Pursuant to Local Rule 12.1, the Court enters the following Order regarding scheduling and discovery. This Order is designed to eliminate the need for the filing of "routine" non-dispositive discovery motions. However, either party may file additional non-dispositive motions if counsel deems the motion to be appropriate and non-duplicative of this Order: Any non-dispositive motions must be filed and served on or before **March 16, 2026**. All responses to motions must be filed by **March 30, 2026**.

 A.     **Rule 16 Discovery**.  A motion is not required for discovery under Federal Rule of Criminal Procedure 16. Section (a) of that Rule requires the United States to provide discovery upon a defendant's request, not upon a motion or upon a court's order. Likewise, Rule 16(b) requires the defense in a criminal case to provide reciprocal discovery if the United States complies with defense discovery requests. The Court expects the parties to provide discovery promptly and without a court order, in compliance with Local Rule 12.1(a). The United States was ordered to make all disclosures required by Federal Rule of Criminal Procedure 16(a) by December 30, 2025**.** D. Minn. LR 12.1(a)(1). The defense

must make all disclosures required by Federal Rule of Criminal Procedure 16(b) by January 29, 2026. D. Minn. LR 12.1(a)(2). These deadlines have passed.

      **B.**      **Disclosure of *Brady/Giglio* Materials**. The United States must comply with its constitutional obligation to disclose any information known to it that is material to guilt or punishment, whether this information is requested or not. *Brady v. Maryland*, 373 U.S. 83 (1963); *Giglio v. United States*, 405 U.S. 150 (1972).

      **C.**      **Preservation of Rough Notes**. The United States is ordered to instruct agents and law enforcement officers that participated in the investigation to preserve their rough notes relevant to the investigation. If at a later date the discoverability of those notes becomes an issue, the Court will rule on the issue at that time.

      **D.**      **Early Disclosure of Jencks Act Material**. The Court has no authority to order disclosure of Jencks Act material until a witness has testified. 18 U.S.C. § 3500. However, to avoid unnecessary delay of a hearing or trial, the Court urges early disclosure of witness statements.

      **E.**      **Notice and Disclosure of Rule 404(b) Evidence**. No court order is needed before the United States is required to give notice of intent to use Rule 404(b) and disclose the evidence whose admission will be sought. Rule 404(b) provides that "upon request by the accused, the prosecution in a criminal case shall provide reasonable notice in advance of trial, or during trial if the court excuses pretrial notice on good cause shown, of the general nature of any such evidence it intends to introduce at trial." Fed. R. Evid. 404(b). Upon defense request, the United States must, without a court order, give notice of its intent

to use Rule 404(b) and disclose the evidence whose admission is sought no later than **21 days before trial**.

      F.      **Notice of Rule 12 Defenses**. A motion is not required in order for the defense in a criminal case to be required to give the United States advance notice of the affirmative defenses of Alibi (Rule 12.1), Insanity/Mental Illness (Rule 12.2) and Public Authority (Rule 12.3). Upon request by the United States, the defendant shall provide such notices within fourteen days of the request.

      G.      **Newly Discovered Information**. Each party has a continuing duty to disclose to opposing counsel all newly discovered information or other material within the scope of this Order.

      H.      **Motions Relating to Trial Proceedings**. Any trial-related motions (for example, motions in limine or motions to participate in voir dire) must be made at the appropriate time to the district court judge, the Honorable Katherine M. Menendez.

      I.      **Discovery Motions**. Prior to filing a discovery motion, counsel for the defense and counsel for the United States must meet for a discovery conference pursuant to L.R. 12.1. Any discovery motion must include a statement certifying that such meet-and-confer conference took place and that the parties were unable to reach an agreement. Motions that do not comply with the meet-and-confer requirement will be denied without prejudice for noncompliance.

      J.      **Expert Witnesses.** The parties must disclose the identity of any expert witness and make all expert disclosures required by Federal Rule of Criminal Procedure

16 no later than 28 days before trial. The parties must disclose the identity of any expert who will testify in rebuttal of an expert witness and make all disclosures as to such expert required by Federal Rule of Criminal Procedure 16 no later than 14 days before trial.

### III.   SUPPRESSION AND DISPOSITIVE MOTIONS; HEARING

The following provisions govern the filing of all pretrial suppression and dispositive motions in this matter.

**A.   Deadlines for Filing Suppression and Dispositive Motions**. Any suppression or dispositive motions must be filed and served consistent with Federal Rules of Criminal Procedure 12(b) and 47 on or before **March 16, 2026**. D. Minn. LR 12.1(c)(1). All responses to motions must be filed by **March 30, 2026**. D. Minn. LR 12.1(c)(2).

Any motion for extension of time to file suppression and other dispositive motions shall be filed on or before **March 16, 2026**. The motion shall contain facts supporting a request that, under 18 U.S.C. § 3161(h)(7)(A), the time from the date of the extension request through the date of the filing of any dispositive motion, shall be excluded from the calculation of the time within which this case must be brought to trial. The motion shall state whether denial of the requested extension would deprive defense counsel of the time necessary to properly evaluate and prepare pretrial motions, taking into account the exercise of due diligence such that the ends of justice served by the extension request outweigh the interest of the public and the defendant in a speedy trial. 18 U.S.C. § 3161(h)(7)(A) (even if a criminal case has not been designated as complex, an extension should be granted when refusing to grant the extension would leave counsel for the defense

with "insufficient time for effective representation, taking into account the exercise of due diligence.").

**If there is no need for a motions hearing, either because no motions were filed, or for any other reason, both counsel must electronically file a letter saying so on or before March 16, 2026 or immediately upon the occurrence of the event making a motions hearing unnecessary if that event occurs after March 16, 2026.**

    B.    **Suppression Motions and Supporting Briefing**.

A suppression motion must be sufficiently detailed to enable opposing counsel and the Court to identify the specific evidence that is subject to the challenge and the nature of that challenge. All motions to suppress must identify with specificity the item(s) of evidence and/or the statements that the moving party seeks to suppress. The motion to suppress must give the prosecution notice of what contentions they must be prepared to meet at a motions hearing, if one is held.

    C.    **Meet-and-Confer Prior to Filing Suppression and Dispositive Motions**.

Prior to filing a suppression motion, the parties must meet and confer in a good faith and attempt to narrow the issues presented by the motion, pursuant to L.R. 12.1. The parties will attempt to agree on whether an evidentiary hearing is necessary, and if so, what witnesses and evidence will be presented. The meet-and-confer process must be conducted either in person or by telephone and will not be satisfied by email communications alone.

    **D.    Motions Hearing Procedures**.

The parties must file any Notice of Intent to Call Witnesses by **March 30, 2026**. Any Responsive Notice of Intent to Call Witnesses must be filed by **April 2, 2026.** The notice must include information sufficient to identify all witnesses, as well as estimated amount of time for each witness's expected testimony. To avoid the need for a recess of the motions hearing, the United States is requested to make all disclosures required by Fed. R. Crim. P. 26.2 and 12(h) at least three days prior to the hearing.

The Court may schedule an evidentiary hearing based on the pleadings. Nothing in this Order shall preclude the Court from setting oral argument on any motion to assist the Court in administering justice or if requested by either party in its motion, objection, or response pleadings.

    **E.    Sanctions for Non-Compliance.**

The Court will review all motions to suppress evidence for completeness and specificity when they are filed. Motions that do not comply with this Order, including by not specifically identifying the evidence being challenged and stating the nature of the challenge, may be recommended for dismissal. The district court may deny a motion with prejudice after repeated violations of this requirement.

    **F.    Motion Hearing**.

In the event a motions hearing is required, it will be held on **April 6, 2026 at 3:30 PM in Courtroom 6A**, 316 Robert St. N., Saint Paul, MN 55101 before the undersigned.

**G.    Trial Date**.

Because setting a trial date is a matter for the district judge, the parties are directed to contact the chambers of the Honorable Katherine M. Menendez for trial and trial-related dates.

**H.    Speedy Trial.**

**The period from February 23, 2026 through the motions filing date of March 16, 2026 shall be excluded from the Speedy Trial Act computations in this case.** The Court finds, based on the entire record of this case, that the ends of justice served by granting the requested extension outweigh the best interest of the public and the defendant in a speedy trial. 18 U.S.C. §3161(h)(7)(A). The Court finds that although this case, taken as a whole, is not so unusual or so complex as to fall within the definition of those terms at 18 U.S.C. §3161(h)(7)(B)(ii), nevertheless failing to grant the requested extension would unreasonably deny defense counsel the reasonable time necessary for effective preparation, taking into account the exercise of due diligence. 18 U.S.C. §3161(h)(7)(B)(iv).

Dated: February 23, 2026                    *s/ John F. Docherty*
                                            JOHN F. DOCHERTY
                                            United States Magistrate Judge